IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETERSEN-DEAN, INC., § § § Plaintiff, § § v. § § JASON BRINKMANN d/b/a BRINKMANN § QUALITY ROOFING SERVICES, INC., § § Defendant. § § | CIVIL ACTION NO. 4:14-cv-00702 |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING, DOMAIN NAME INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, Petersen-Dean, Inc. (hereinafter "Petersen-Dean" or "Plaintiff"), by and through its undersigned attorneys files this Original Complaint against Defendant Jason Brinkmann d/b/a "Brinkmann Quality Roofing, Inc." (hereinafter "Brinkmann" or "Defendant") for acts of trademark infringement, counterfeiting, domain name infringement, and unfair competition, alleging as follows:

### PARTIES

1. Plaintiff Petersen-Dean is a California corporation having a principal place of business at 39300 Civic Center Drive, Suite 300, Freemont, California 94538.

2. Upon information and belief, Defendant Brinkmann is a Texas resident d/b/a "Brinkmann Quality Roofing, Inc." (which does not appear to actually be incorporated) having an address at 112 Starboard Dr., San Leon, Texas 77539. Brinkmann distributes products and services focusing on commercial and residential roofing in the United States and, more

1

particularly, in the Southern District of Texas.  Brinkmann may be served with process by personal service.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, counterfeiting, unfair competition, and domain name infringement under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1051, *et seq*.  This is also an action for unfair competition under state law.

4. This Court has subject matter jurisdiction over this cause of action pursuant to the Lanham Act, 15 U.S.C. §§ 1121, 1117 and 1125, and under the Judicial Code of the United States, 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case and controversy.

5. This Court has personal jurisdiction over Defendant Jason Brinkmann because he is a Texas resident who conducts business within the State of Texas.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391 (b) and (c) because the acts of infringement and other wrongful conduct alleged occurred in the Southern District of Texas and because the Defendant resides in the Southern District of Texas.

## ALLEGATIONS FOR ALL CLAIMS OF RELIEF

**A.** **Petersen-Dean, its Business, and its BRINKMANN Mark**

7. Founded in 1984 by Jim Petersen, Petersen-Dean is the largest, full-service, privately held roofing and solar company in the United States.  Specializing in new residential and commercial construction, Petersen-Dean works with some of the nation's largest builders and developers.  With more than a million roofs under its belt, the Fremont, California-based company employs 3,000 and operates in five states: Arizona, California, Florida, Nevada, and

Texas.

8.   Petersen-Dean Roofing and Solar (itself and through its Texas predecessor in interest) has served more than 85,000 satisfied Texas homeowners since 1971 and has become one of the largest roofing contractors in Texas. With over 40 years of local roofing experience Petersen-Dean understands the needs of Texas homeowners, home builders and commercial clients.

9.   Petersen-Dean has experience installing all major residential and commercial roofing systems and products.  Petersen-Dean's Texas crews hold endorsements by major roofing manufactures, including the GAF Master Elite™ Roofing Contractor certification.  Besides extensive experience in composition shingle and tile shingle installation, Petersen-Dean also has in-house metal roof fabrication facilities in Houston, Texas.

10.   Petersen-Dean supports Texas from its regional Headquarters in Houston and local offices in Austin and Conroe.  Petersen-Dean's local estimators and crews provide reroof and roofing repair in Houston, Conroe, Austin, San Antonio, and Bryan/College Station, the Bay Area, Galveston and the surrounding communities.  From roof repair to large commercial roofing projects, Petersen-Dean's local staff works with its clients through estimation, insurance claims, construction and inspections.  All Petersen-Dean customers have the support of local project managers and crews that live and work in their local community and are available before, during and after the project.

11.   In 1971, Michael Brinkmann, Defendant's father, started a roofing company in Texas named Brinkmann Investments, Inc. that operated continuously since that date under the trademarks and business names BRINKMANN (the "BRINKMANN Mark") and BRINKMANN ROOFING (the "BRINKMANN ROOFING Mark").  In March 2007, Plaintiff, Petersen-Dean,

Inc., purchased Brinkmann Investments, Inc., which is now a wholly-owned subsidiary of Petersen-Dean, Inc. Accordingly, Petersen-Dean's use of the BRINKMANN Mark and the BRINKMANN ROOFING Mark (collectively "Plaintiff's Marks") in Texas date back to 1971.

B.   **Registration of the BRINKMANN Mark**

12.   In accordance with the provisions of the Lanham Act, Petersen-Dean obtained a federal trademark registration for the BRINKMANN Mark covering "installation of solar energy systems and alternative energy products for residential and commercial use; roofing consultation; roofing contracting; roofing installation; roofing repair, roofing services" (U.S. Trademark Registration No. 4,465,222) claiming a date of first use in commerce of 1971. A true and correct copy of the registration certificate is attached as Exhibit A.

13.   The registration for the BRINKMANN Mark is valid and subsisting. Pursuant to Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a), the registration is prima facie evidence of the validity of the BRINKMANN Mark, Petersen-Dean's ownership of the BRINKMANN Mark, and Petersen-Dean's exclusive right to use the BRINKMANN Mark in commerce on or in connection with the services recited in the registration.

C.   **Defendant's Unauthorized Use of the BRINKMANN Mark**

14.   Upon information and belief, Defendant Jason Brinkmann d/b/a "Brinkmann Quality Roofing, Inc.", is a direct competitor of Plaintiff Petersen-Dean and is engaged in the roofing business in and around southeast Texas.

15.   Shortly after the sale of Brinkmann Investments, Inc. to Plaintiff, Defendant Jason Brinkmann executed an employment agreement ("Employment Agreement") with Petersen-Dean to become the Vice President and General Manager of Petersen-Dean's new wholly-owned subsidiary, Brinkmann Investments, Inc. The Employment Agreement was dated May 1, 2007.

Material terms of the Employment Agreement included Defendant's agreement that Defendant would refrain from competing with Petersen-Dean for a period of five years and that after the termination of his employment with Petersen-Dean, Defendant would protect Petersen-Dean trade secrets and confidential information for a period of five years.  A true and correct copy of the Employment Agreement executed between Petersen-Dean and Jason Brinkmann is attached hereto as Exhibit B.

16. On March 29, 2013, Defendant sent an email to Jim Petersen, the President of Petersen-Dean, resigning his position as Senior Vice President, Texas.  Thereafter, on April 1, 2013, Petersen-Dean's CFO sent a letter to Defendant reminding him of his obligations under the Employment Agreement.  Specifically, the letter stated that:

> "Petersen-Dean, Inc. is the sole owner of the assets of Brinkmann Roofing including the name 'Brinkmann Roofing.'  You may not use the name 'Brinkmann' or any derivation thereof in any future construction related business.  This prohibition also applies to web domains and any other media."

Copies of the 2013 correspondence between Defendant and Plaintiff are attached hereto as Exhibit C.

17. On information and belief, at least a year before he resigned his position as an officer of Plaintiff, Defendant began making plans to operate a competing roofing business in the southeast Texas region under the names and marks "Brinkmann" and/or "Brinkmann Quality Roofing" (the "Accused Marks").  Specifically, Defendant began obtaining domain names that included the BRINKMANN Mark, and variants thereof, approximately one year before resigning.  Further, also before resigning, he used the then-current Petersen-Dean Yellow Pages advertisement in the Houston Yellow Pages as the basis for a new Yellow Pages advertisement to direct business to himself.  Copies of the 2012 Petersen-Dean Yellow Pages advertisement and the 2013 Brinkmann Yellow Pages advertisement (with the "Petersen-Dean" name and logo

5

removed and the phone number changed by one digit to a number controlled by Jason Brinkmann) are attached as Exhibit D.

18. On information and belief, Defendant registered multiple Domain Names (the "Accused Domain Names") that incorporate the BRINKMANN Mark, or a variation thereof, including at least the following:

| Domain Name | Reg. Date | Listed Owner |
|---|---|---|
| BrinkmannQualityRoofing.com | 4/20/2012 | Jason Brinkmann |
| BrinkmannRoofing.us | 4/20/2012 | Jason Brinkmann |
| BrinkmanRoofing.us | 4/20/2012 | Jason Brinkmann |
| BrinkmannQuality.com | 4/20/2012 | Domains by Proxy, LLC |
| BrinkmanQuality.us | 4/20/2012 | Jason Brinkmann |
| BrinkmannQualityRoofing.net | 4/18/2013 | Jason Brinkmann |
| BrinkmanQualityRoofing.com | 4/18/2013 | Jason Brinkmann |
| BrinkmannQualityRoofingServices.com | 4/18/2013 | Jason Brinkmann |
| BrinkmannQualityRoofingServices.net | 4/18/2013 | Jason Brinkmann |
| BrinkmanQualityRoofingServices.com | 4/18/2013 | Jason Brinkmann |
| BrinkmanQuality.net | 4/18/2013 | Jason Brinkmann |

(See Exhibit E)

19. On May 14, 2013 Petersen-Dean filed a Complaint against Defendant in accordance with the Uniform Domain Name Dispute Resolution Policy with respect to two of the then-known Accused Domain Names. In a decision dated June 25, 2013, the Panelist for the National Arbitration Forum concluded that the dispute contained questions of contractual interpretation that fell outside the scope of the UDRP and, therefore, determined that it was unnecessary to consider the three substantive elements of the Dispute Resolution Policy. Thus, the two domain names at issue were not transferred to Plaintiff at that time.

20. Communications between Plaintiff and Defendant continued through the summer of 2013. On September 12, 2013, Defendant sent a letter to Plaintiff offering to purchase the Brinkmann Roofing Company business name and associated goodwill from Petersen-Dean and seeking to obtain an assignment of the BRINKMANN trademark application. Petersen-Dean

responded on October 22, 2013 with the terms under which it was willing, at that time, to transfer the BRINKMANN trademark and associated business names, domain names, and goodwill to Defendant. True and correct copies of the offer letter and response are attached as Exhibit F.

21. Defendants' use of the Accused Marks and Accused Domain Names in connection with services closely related to Petersen-Dean's roofing business will allow Defendant to continue to receive the benefit and goodwill recognition in the BRINKMANN Mark and the BRINKMANN ROOFING Mark built up at great labor and expense by Petersen-Dean and to gain acceptance for its products and services based not solely on Defendant's own merits, but also on the reputation and goodwill of Petersen-Dean.

22. At no time has Petersen-Dean given Defendant license, permission, or authority to use and display the BRINKMANN Mark, or any names or marks that are confusingly similar thereto.

D. **Irreparable Injury to Petersen-Dean**

23. Defendants' use of the Accused Marks and the Accused Domain Names allows for and will allow Defendant to receive the benefit of the goodwill built up at great labor and expense by Petersen-Dean in its BRINKMANN Mark and BRINKMANN ROOFING Mark and further allows Defendant to gain acceptance for his goods and services based not on his own merits, but on an association with the reputation and goodwill of Petersen-Dean.

24. Defendant's use of the Accused Marks and the Accused Domain Names constitutes an invasion of Petersen-Dean's valuable property rights in Plaintiff's Marks and in the attendant goodwill in a manner that unjustly enriches Defendant.

25. Defendant's use of the Accused Marks and the Accused Domain Names is likely to cause confusion with the use by Petersen-Dean of its BRINKMANN Mark and BRINKMANN ROOFING Mark for the same services and in the same channels of trade, and falsely indicates to the purchasing public that Defendant and/or its products or services are in some manner connected with, sponsored by, affiliated with, or related to Petersen-Dean.

26. Use by Defendant of the Accused Marks and the Accused Domain Names places the valuable reputation and goodwill of Petersen-Dean in the hands of Defendant, over whom Petersen-Dean has no control.

27. Unless these acts of Defendant are restrained by this Court, they will continue and will continue to cause irreparable injury to Plaintiff and to the public, for which there is no adequate remedy at law.

## COUNT ONE -- TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

28. Petersen-Dean re-alleges paragraphs 1-27 as if fully set forth herein.

29. The acts of Defendant complained of above constitute trademark infringement under 15 U.S.C. § 1114.

30. Petersen-Dean owns a valid registered trademark for the BRINKMANN Mark (U.S. Trademark Registration No. 4,465,222).

31. The Accused Marks and the Accused Domain Names are a reproduction, counterfeit, copy, and/or colorable imitation of Petersen-Dean's BRINMANN Mark. Defendant has used the Accused Marks and the Accused Domain Names in commerce in connection with the sale, offering for sale, distribution, and/or advertising of Defendant's goods and/or services that directly compete with those of Petersen-Dean. The use of the Accused Marks and the

Accused Domain Names in connection with Defendant's goods and/or services is likely to cause confusion, and/or to cause mistake, and/or to deceive.

32. Defendant had actual knowledge of Petersen-Dean's prior use of the BRINKMANN Mark and at least constructive knowledge of Petersen-Dean's ownership of the trademark registrations for the BRINKMANN Mark.

33. Upon information and belief, the acts of Defendant complained of above are willful and deliberate, entitling Petersen-Dean to increased damages, attorney's fees, and costs under 15 U.S.C. § 1117.

34. Defendant's acts have injured Petersen-Dean in an amount to be determined at trial.

35. Defendant's acts have irreparably injured Petersen-Dean.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Petersen-Dean's rights, for which Petersen-Dean has no adequate remedy at law.

**COUNT TWO – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

36. Petersen-Dean re-alleges paragraphs 1-35 as if fully set forth herein.

37. The acts of Defendant complained of above constitute federal unfair competition under 15 U.S.C. § 1125(a).

38. The Accused Marks and the Accused Domain Names are likely to be confused with Petersen-Dean's BRINKMANN Mark and BRINKMANN ROOFING Mark.

39. Defendant, on or in connection with goods and/or services, used in commerce the Accused Marks and the Accused Domain Names, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with

Petersen-Dean, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Petersen-Dean.

40. Defendant, on or in connection with goods and/or services, used in commerce the Accused Marks and the Accused Domain Names, which in commercial advertising and/or promotion misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, services, and/or commercial activities.

41. Defendant's acts have injured Petersen-Dean in an amount to be determined at trial.

42. Defendant's acts have irreparably injured Petersen-Dean.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Petersen-Dean's rights, for which Petersen-Dean has no adequate remedy at law.

## COUNT THREE -- TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1116(d)

43. Petersen-Dean re-alleges paragraphs 1-42 as if fully set forth herein.

44. The acts of Defendant complained of above constitute trademark counterfeiting under 15 U.S.C. § 1116(d).

45. The services listed in the registration for the BRINKMANN Mark includes various roofing installation and related consulting, training installation and maintenance services.

46. Defendant's unauthorized affixation and use of counterfeits of the Petersen-Dean BRINKMANN Mark in connection with the marketing, sale and distribution of roofing services is use of a "counterfeit mark" as that term is defined in Section 32(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

47. Defendant's acts have injured Petersen-Dean in an amount to be determined at trial.

48. Defendant's acts have irreparably injured Petersen-Dean. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Petersen-Dean's rights, for which Petersen-Dean has no adequate remedy at law.

**COUNT FOUR – DOMAIN NAME INFRINGEMENT UNDER 15 U.S.C. § 1125(d)**

49. Petersen-Dean re-alleges paragraphs 1-48 as if fully set forth herein.

50. Defendant registered the Accused Domain Names in bad faith with no reasonable ground for believing that the use of the Accused Domain Names were a fair use or were otherwise lawful.

51. The acts of Defendant complained of above constitute domain name infringement under 15 U.S.C. § 1125(d) entitling Plaintiff to an order cancelling the Accused Domain Names or transferring the Accused Domain Names to Plaintiff.

52. Defendant's acts have injured Petersen-Dean in an amount to be determined at trial.

**COUNT FIVE -- TEXAS COMMON LAW UNFAIR COMPETITION**

53. Petersen-Dean re-alleges paragraphs 1-52 as if fully set forth herein.

54. The acts of Defendant complained of above constitute unfair competition under the common law of the State of Texas, which have injured Petersen-Dean in an amount to be determined at trial.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Petersen-Dean, Inc. demands a trial by jury of all issues raised by the pleadings which are triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment that Defendant has violated 15 U.S.C. § 1114 by infringing Petersen-Dean's BRINKMANN Mark as alleged herein;

B. A judgment that Defendant's infringement of Plaintiff's BRINKMANN Mark was willful;

C. A judgment that Defendant has violated 15 U.S.C. § 1125(a) by infringing Plaintiff's Marks and otherwise unfairly competing with Petersen-Dean as alleged herein;

D. A judgment that Defendant has violated 15 U.S.C. § 1125(d) by domain name infringement as alleged herein;

E. A judgment that Defendant's trademark and domain name infringement and other acts of unfair competition were willful;

F. An order that Defendant, its partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be preliminarily and permanently enjoined and restrained from using the Accused Marks or the Accused Domain Names or any name or mark confusingly similar to Plaintiff's Marks;

G. An order that Defendant, its partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be required to deliver to the Court for destruction, or to show proof of said destruction, of any and all displays, signs, circulars, promotional materials, advertisements, and other materials in

Defendant's possession, custody, or control which bear or depict the Accused Marks and/or the Accused Domain Names, or any name or mark confusingly similar to Plaintiff's Marks pursuant to 15 U.S.C. § 1118;

    H.    An order that Defendant, its partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be required to transfer all of the Accused Domain Names to Plaintiff;

    I.    An order that Defendant file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry of an injunction, a report in writing and under oath setting forth in detail in the manner in which Defendant has complied with this injunction;

    J.    An order that Defendant account for and pay to Plaintiff any and all profits derived by Defendant and all damages sustained by Plaintiff by virtue of Defendant's acts complained of herein;

    K.    An order that Defendant pay to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein, pursuant to 15 U.S.C. § 1117;

    L.    A judgment that Defendant's actions were willful and an order that Defendant pay to Plaintiff treble damages and three time Defendant's profits pursuant to 15 U.S.C. § 1117;

    M.    A judgment that this is an exemplary case and an order that Defendant pay Plaintiff's attorney's fees; and

    N.    An order that Plaintiff recover its costs of this action and all other such relief as the Court deems just and equitable.

Dated: March 20, 2014

Respectfully submitted,

_____
John C. Cain
Texas State Bar No. 00783778
So. Dist. of Texas ID No. 15620
jcain@counselip.com
James H. Hall
Texas State Bar No. 24041040
So. Dist. Of Texas ID No. 36904
jhall@counselip.com
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Ste. 600
Houston, Texas 77070
Telephone: (832) 446-2400
Facsimile:  (832) 446-2424